IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DELMAR JAMES PRITCHETT | Magistrate No. 19-1851<br><br>[UNDER SEAL] |

<u>AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT</u>

I, Jeffrey Smaracheck, having being duly sworn, depose and state as follows:

1. I am a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA), and have been so since June 2018. I am currently assigned to the Pittsburgh District Office, which is located in the Western District of Pennsylvania. I am an "Investigative or Law Enforcement Officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7); that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2. In addition to my assignment with DEA, I am also a full-time "Municipal Police Officer," as defined in Title 42 of the Pennsylvania Consolidated Statutes for the City of Monessen Police Department, and have approximately 10 years of law enforcement experience. As such, I have received training and certification in accordance with PA Act 120. Through this, I am empowered to conduct investigations and perform arrests pursuant to violations of the Pennsylvania Crimes Code, Pennsylvania Vehicle Code and the Controlled Substances, Drugs, Device, and Cosmetic Act within the Commonwealth of Pennsylvania

3. I make this affidavit in support of an application in support of a criminal complaint charging Delmar James PRITCHETT with:

    a. One count of conspiracy to possess with intent to distribute heroin, a Schedule

I controlled substance, and fentanyl, a Scheduled II controlled substance, from June 15, 2019 and continuing thereafter to August 22, 2019, in violation of Title 21, United States Code, Section 846;

b. One count of distribution of heroin, a Schedule I controlled substance, and fentanyl, a Schedule II controlled substance, on or about June 15, 2019, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); and

c. One count of possession with intent to distribute heroin, a Schedule I controlled substance, and fentanyl, a Schedule II controlled substance, on or about August 22, 2019, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

4. Because this affidavit is being submitted for the limited purpose of supporting a criminal complaint and arrest warrant as stated herein, I have not included each and every background fact and/or surveillance event known to me concerning the events discussed herein. Instead, I have set forth only those background facts and surveillance events that I believe are necessary to establish the requisite probable cause in supporting a criminal complaint and arrest warrant for PRITCHETT.

5. From in and around June 2019, the City of Monessen Police Department and Drug Enforcement Administration began an investigation into Delmar James PRITCHETT and his involvement in the trafficking of heroin and fentanyl within Monessen, PA.

6. On June 15, 2019 the City of Monessen Police Department was dispatched to the residence of 1215 Knox Avenue, Monessen, PA 15062 for a 21 year-old female who was suffering from an opioid overdose. Upon law enforcement and EMS' arrival to the residence, the patient

2

was located in the first floor bathroom and identified as Tamara Hill.

7. First responders' efforts to revive Hill through Naloxone administration and CPR ultimately failed. As a result, Hill was immediately transported to Monongahela Valley Hospital where she was pronounced deceased. Hill's cause of death was later confirmed to be from an acute fentanyl overdose, according to the Washington County Coroner's Office.

8. The responding officers to Hill's residence on June 15, 2019 recovered: Hill's cellphone, one (1) rolled up $1.00 dollar bill with residue, one (1) empty glassine bag with residue, and forty-nine (49) glassine bags of heroin and/or fentanyl from the bathroom where Hill was found. All of the recovered glassine bags, were blue in color and stamped "TACO BELL" in black ink. The manner of packaging for each glassine bag was unique. Each glassine bag was individually packaged into a slightly larger zip-lock style bag, instead of being bundled together and wrapped in pornographic paper as typically seen by law enforcement within the Monongahela Valley area of Westmoreland and Washington Counties in Pennsylvania.

9. After the overdose incident, the City of Monessen Police Department contacted DEA Task Force Group #63 (TFG#63) to assist with the investigation. In addition, a forensic extraction of the contents/media contained within Hill's cell phone was arranged and performed.

10. On June 19, 2019, TFG#63 reviewed the results of Hill's cell phone extraction. Through this examination, law enforcement was able to conclude that the victim had both telephonic and physical contact with Delmar James PRITCHETT in the hours leading up to her death on June 15, 2019. PRITCHETT was found to have engaged in text-based communication and voice calls with Hill using phone number 412-992-1826.

11. On June 21, 2019, investigators obtained video footage from a City of Monessen pole camera that captured Hill walking to Delmar James PRITCHETT's known residence of 643

3

South 14th Street, Monessen, PA 15062 on June 15, 2019 with a female who was later identified as Alayna Lynn. The video also showed Hill engaging in a conversation with PRITCHETT outside the residence and eventually entering 643 South 14th Street, Monessen, PA 15062 with PRITCHETT as Lynn waited outside.

12. After only four (4) minutes, Hill exited PRITCHETT's home and left the immediate area with Lynn on foot. The video also showed an unknown male entering PRITCHETT's home during the time that Hill was inside and leaving shortly thereafter.

13. On July 1, 2019, I conducted an interview with Alayna Lynn at the City of Monessen Police Department in relation to the pole camera footage that was acquired. As a result of this interview, Lynn indicated to law enforcement that she observed Hill "tucking" a "brick" (50 dosage units) of heroin into her waistband as they both began to walk away from PRITCHETT'S home on June 15, 2019. Furthermore, Lynn provided a description of the individual glassine bags and the specific manner in which they were packaged. Lynn's description directly coincided with the type of bags and packaging method that was found within the bathroom where HILL was located on June 15, 2019.

14. Also in July of 2019, TFG#63 members met with an established DEA Confidential Source (CS) who confirmed that PRITCHETT was the person responsible for distributing the "double wrap" style of glassine bags of heroin within the Monessen, PA area. In addition, the CS indicated that he/she was capable of purchasing the "double wrap" glassine bags from PRITCHETT as well. According to the CS, PRITCHETT utilized both his residence and an abandoned home in Monessen, PA that is situated in the 1100 block of Ohio Alley.

15. Upon learning that the CS was capable of conducting controlled purchases from PRITCHETT, TFG#63 investigators arranged for and completed two (2) controlled purchases of

heroin from PRITCHETT utilizing the said CS.

16. On August 21, 2019 a Federal Search and Seizure Warrant was then acquired by TFG #63 for PRITCHETT's residence of 643 South 14th Street, Monessen, PA 15062 based upon the evidence that had been gathered through investigation and the two (2) controlled purchases there were conducted up until this point. This warrant was signed and authorized by United States Magistrate Judge Patricia L. Dodge.

17. On August 22, 2019, TFG #63 executed the warrant. Upon law enforcement's entry into the home, both PRITCHETT and his biological mother, Harriet Ross, were encountered.

18. PRITCHETT was placed under arrest for two (2) active Westmoreland County, PA Bench Warrants and Ross was detained. After being searched incident to arrest, I found that PRITCHETT was in possession of $410.00 dollars in United States Currency and a pink Apple iPhone on his person.

19. Both PRITCHETT and Ross were then provided their Miranda Warnings by me in the presence of TFO Steven Dawkin. Subsequent to being advised of their rights, PRITCHETT and Ross verbally communicated to me and TFO Dawkin that they understood and wished to cooperate with DEA investigators.

20. A search of PRITCHETT'S residence then ensued. While inside PRITCHETT'S upstairs bedroom, I and Special Agent Christopher Kline observed a black and silver book bag on the floor that was stashed behind a recliner that was located in a corner of the room.

21. I subsequently removed the book bag from its location an unzipped it in the presence of SA Kline and TFO Dawkin. After doing so, we discovered one thousand six hundred and thirty-four (1,634) dosage units (approximately 32 grams) of suspected heroin/fentanyl to be contained inside. Of this amount, one thousand five hundred (1,500) of the dosage units consisted

of blue glassine bags that were stamped with a VICK'S VapoRub logo in blue ink. One hundred thirty-four of the bags were white in color and stamped "SAY CHEESE" in red ink. All of the individual glassine bags were wrapped within white paper and packaged in a manner consistent with bulk purchasing. The "VICK'S" bags were found to be in the same distinct "double wrap" style of packaging as those found to be in the possession of Tamara Hill on June 15, 2019.

22. The VICK'S stamp bags were also found to be in possession of the victims in the following cases:

      a. A fatal overdose on August 2, 2019 in Charleroi, PA, which is in close proximity to Monessen;

      b. A fatal overdose on August 7, 2019 in Apollo, PA;

      c. A non-fatal overdose on August 9, 2019 in Grindstone, PA; and

      d. A non-fatal overdose on August 14, 2019 in Monessen, PA.

23. In addition to the sizeable amount of heroin/fentanyl located in the book bag, a small amount of marijuana, an Apple iPhone X, and indicia of residency for PRITCHETT was also found within the same bedroom and seized for evidentiary purposes.

24. PRITCHETT was then later transported to the City of Monessen Police Department by City of Monessen Police Officer Dominic Faieta. Harriet Ross was eventually released and provided a copy of the Federal Search and Seizure Warrant and a receipt for the items seized.

25. While at the City of Monessen Police Department, PRITCHETT agreed to an interview with me and Special Agent Mike Johns.

26. During the interview, PRITCHETT indicated that he was unemployed and had been selling heroin (and purchasing it from other(s) for sale) for the past eight (8) to nine (9) months.

27. We then asked PRITCHETT about his relationship and contact with overdose

victim Tamara Hill on June 15, 2019. After being confronted, PRITCHETT confessed that Hill had called and text-messaged him early that day and asked if he was capable of providing her with one (1) "brick" of heroin "on the front" (slang for on-consignment) to sell to another individual.

28.     PRITCHETT advised us that he did not know that Hill was a heroin addict and subsequently agreed. As a result, Hill had walked to PRITCHETT's residence with Alayna Lynn minutes after their phone contact. Upon their arrival, PRITCHETT provided HILL with the one (1) "brick" of heroin inside his home while Lynn waited outside. While Hill was inside his home, PRITCHETT recalled that his cousin, Cordaro Jackson, had also stopped by the house briefly to acquire a small amount of marijuana that he had available. PRITCHETT denied that Jackson had any involvement with his distribution of heroin to Hill.

29.     PRITCHETT then went on to state that Hill then left his residence and failed to return with his share of the proceeds as agreed. Hours later, PRITCHETT learned of Hill's death after receiving a phone call from Hill's sister.

30.     PRITCHETT then provided SA Johns with written consent to search his two (2) Apple iPhone devices. As a result, one of the Apple iPhones was found to contain several conversations indicating that PRITCHETT was actively distributing the "TACO BELL" branded heroin during the time of Hill's death. This same phone also contained PRITCHETT's text-based communication with Hill on June 15, 2019.

31.     The substances recovered from Hill's residence on June 15, 2019 and from PRITCHETT's residence on August 22, 2019 are being test by the lab, but based on the above I have probable cause to believe that they are a heroin/fentanyl mix. Because of the likely presence of fentanyl, for officer safety reasons the substances could not be field tested.

32.     As a result, your affiant submits that there is probable cause to believe that Delmar

James PRITCHETT has committed federal crimes which include 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C).

The above information is true and correct to the best of my knowledge, information, and belief.

_____
Jeffrey Smaracheck, Task Force Officer
Drug Enforcement Administration

Sworn to and subscribed to before
me this 23rd day of August, 2019.

_____
HONORABLE PATRICIA L. DODGE
UNITED STATES MAGISTRATE JUDGE
Western District of Pennsylvania